**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 03-2250**

————————————

MONTE MEDLEY,

                                          Plaintiff - Appellant,

        versus

FEDERAL EXPRESS CORPORATION,

                                          Defendant - Appellee.

————————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-02-2388-8-AW)

————————————

Submitted:  July 30, 2004          Decided:  October 19, 2004

————————————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

————————————

Vacated and remanded by unpublished per curiam opinion.

————————————

Jay L. Cohen, Chevy Chase, Maryland, for Appellant. Edward J.
Efkeman, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for
Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Monte Medley appeals from the order of the district court awarding summary judgment to Federal Express Corporation ("Fedex") and dismissing his complaint of unlawful employment discrimination in violation of Md. Ann. Code, art. 49B, § 42 (2003). Because the district court erroneously denied as "moot" Medley's motion for an extension of the discovery period and otherwise failed to address his motion for discovery in opposition to summary judgment, we vacate the judgment and remand for further proceedings.

As part of the discovery process, Medley sought certain records of similarly situated Fedex employees, and Fedex objected. Fedex also declined to turn over the documents at a deposition conducted on March 25, 2003. On March 26, 2003, the final day of the discovery period, Medley filed a motion to further extend the discovery period to facilitate the filing of a motion to compel discovery. On April 24, 2003, Fedex filed a motion for summary judgment. On May 15, 2003, with the summary judgment motion still pending, the district court entered a "paperless order" denying Medley's motion for additional discovery as "moot." Medley then responded to the summary judgment motion and again moved for additional discovery under Fed. R. Civ. P. 56(f). On July 15, 2003, the district court filed a memorandum opinion and order awarding summary judgment to Fedex, implicitly denying Medley's motion under Rule 56(f), and dismissing his complaint.

Medley's motion for extended discovery was not moot at the time it was denied by the district court. Moreover, the district court did not address Medley's motion under Rule 56(f) in its opinion and order dismissing Medley's complaint. Accordingly, we vacate the judgment of the district court, and we remand for the court to consider Medley's motion for an extension of discovery and Rule 56(f) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED